474 So.2d 549 (1985)
STATE of Louisiana, Plaintiff-Relator,
v.
Lennis Tommy BROUSSARD, Defendant-Respondent.
No. K84-1092.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
*550 Michael L. Schilling, Jr., Sp. Asst. Dist. Atty., Lafayette, for plaintiff-relator.
G. Paul Marx, Lafayette, for defendant-respondent.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
The issue in this case is whether the trial court erred in granting the defendant's motion to quash when the defendant was ordered to appear in court on a Rule for Contempt for failure to make child support payments in accordance with a stipulation he had previously signed.
After the motion to quash was granted, the State of Louisiana applied to this Court for supervisory writs. We reversed the granting of the motion to quash and remanded the case for a hearing on the rule to show cause. The Supreme Court, 465 So.2d 727, vacated our ruling and remanded the case to this Court for briefing, argument and opinion. We again reverse the granting of the motion to quash.

FACTS
In May of 1980 defendant Lennis Tommy Broussard was arrested for nonsupport of his minor children in violation of LSA-R.S. 14:74. On the same day he posted bond and was released. He then contacted the district attorney's office and made an appointment to discuss the charges pending. On July 3, 1980 he met with an assistant district attorney. After being informed of his civil and criminal rights, he signed a written stipulation pursuant to LSA-R.S. 14:75.2 wherein he agreed to pay $150 per month in child support effective June 20, 1980 and to increase said support to $250 per month effective July 20, 1980 and each month thereafter. LSA-R.S. 14:75.2 provides:
"In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of *551 support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions of R.S. 14:74."
A consent judgment was rendered and signed by Hon. Hugh E. Brunson, Judge, Fifteenth Judicial District Court, pursuant to defendant's signing of the stipulation.
On July 19, 1984 a rule to show cause why Mr. Broussard should not be held in contempt was entered. Mr. Broussard had previously been found guilty of contempt of court for failure to comply with the order of support and sentenced to three months in the parish jail, which sentence was suspended on the condition he make his regular payments and make additional $100 per month payments when he became employed. He was arrested once for failure to comply with the conditions of the suspended sentence. The rule was entered on July 19, 1984 for his continued failure to comply with the consent judgment.
Broussard filed a motion to quash and a memorandum in support of that motion. The motion was granted after a hearing on October 4, 1984.
The State of Louisiana appeals and makes six assignments of error, as follow:
1. The trial court erred in granting defendant-in-rule's motion to quash as such is a criminal remedy and, therefore, inapplicable in a civil contempt proceeding or as a method to attack the validity of a consent judgment.
2. The trial court erred in granting defendant-in-rule's motion to quash because there was no indictment nor bill of information to quash.
3. The trial court erred in granting the motion to quash because it was not raised timely and there was no showing of cause why it should be filed untimely.
4. The trial court erred in granting defendant-in-rule's motion to quash as defendant failed to allege any grounds for which a motion to quash may be granted.
5. The trial court erred in granting defendant-in-rule's motion to quash on the basis that there was no contemporaneous transcript of a colloquy between the court and the defendant subsequent to defendant signing a consent judgment as such is not required by the law or jurisprudence.
6. Alternatively, and only if this Honorable Court deems that the motion to quash was in fact an improperly captioned petition to nullify or vacate the consent judgment, the trial court erred in granting defendant-in-rule's motion to quash as the record clearly shows the requirements of due process were not violated.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error the State argues that the judge erred in granting the motion to quash as such a motion is a criminal remedy and is therefore inapplicable in a civil contempt proceeding or as a method to attack the validity of a consent judgment.
We first must consider whether the contempt proceeding in question is a civil or a criminal proceeding. This is determined by examining the court's motive in imposing a sentence. When the intent of the court is to punish, the contempt is criminal. However, when the intent of the court is to coerce the defendant into obeying some order the contempt is civil. Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) and State v. Austin, 374 So.2d 1252 (La.1979).
In State v. Austin, the defendant was convicted of contempt for failure to comply with a judgment ordering him to pay child support. The trial court imposed a 30-day sentence, which it suspended upon the condition that he pay past due child support and medical bills, plus attorney fees, to his former wife. The Supreme Court found that the intent of the court was clearly to compel obedience of its child support judgment, not to punish for defiance of the court's order.
*552 Here, the purpose for the rule to show cause is to enforce the judgment requiring the defendant to pay child support. There has been no conviction for contempt, but had the motion to quash not been granted, any sentence for contempt which might have been imposed would have been for the purpose of coercing the defendant to pay child support, rather than to punish him.
We consider this to be a civil, rather than criminal, contempt proceeding. As the motion to quash is a criminal remedy, it is not the proper procedural device to attack a rule for civil contempt.
The motion to quash is not the correct procedural device to attack the consent judgment from which the rule for contempt evolved. We consider the order of support under LSA-R.S. 14:75.2 to be of a civil nature.
Although the defendant was charged with nonsupport and was arrested, he voluntarily went to the district attorney's office and agreed to enter a stipulation agreement. The agreement was entered into with the purpose of avoiding criminal prosecution as a means of enforcing support. LSA-R.S. 14:75.2 plainly states that the court shall have the power to issue an order of support "without the necessity of instituting criminal proceedings" where there is such a stipulation. Although criminal proceedings were instituted in this case, the stipulation was voluntary. It was not a plea bargain. The defendant was not found guilty of any crime. The order signed by the district court judge was a civil order pursuant to the agreement the defendant made with the district attorney. It is styled "Consent Judgment," indicating it is a civil judgment recognizing an agreement between parties. Since it is a civil judgment, a motion to quash is not the proper procedural device to attack the judgment.
The trial judge erred in granting the defendant-in-rule's motion to quash. The case is remanded for a hearing on the rule to show cause.
We find it unnecessary to consider the appellant's other assignments of error.
REVERSED AND REMANDED.